**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEIBY VILLALOBOS-BONILLA; FRANKLIN JAVIER BONILLA, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-70977 <br><br> Agency Nos.   A098-650-639 <br>                   A098-650-638 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Deiby Villalobos-Bonilla and Franklin Javier Bonilla, natives and citizens of

Honduras, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum and withholding of removal.   Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

We reject petitioners' request to submit additional evidence.   *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

Substantial evidence supports the agency's conclusion that petitioners did not establish past persecution.   *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept") (internal quotation and citation omitted).   Substantial evidence also supports the agency's conclusion that petitioners failed to establish the harm they fear would be on account of a protected ground.   *See Zetino v. Holder*, 622 F.3d 1007, 1015-1016 (9th Cir. 2010).   Thus, petitioners' asylum claims fail.

Because petitioners failed to establish eligibility for asylum, their withholding of removal claims necessarily fail.   *See Zehatye*, 453 F.3d at 1190.

Finally, we lack jurisdiction to consider petitioners' contentions as to counsel's allegedly deficient performance because they did not raise this issue to the agency.   *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004)

(petitioners must exhaust claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.